IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02739-BNB

DEMIAN ROBBINS,

    Plaintiff,

v.

CITY OF MANITOU SPRINGS,
MANITOU SPRINGS POLICE DPT.,
OFFICER NOLAN,
SARGEANT BLAKE,
STATE OF COLORADO,
TERRY TALMADGE,
JASON BLOUNT, and
SARI HANNER,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Demian Robbins, is an inmate at the Boulder County Jail in Boulder, Colorado. Mr. Robbins has filed *pro se* a Prisoner Complaint (ECF No. 1). The court must construe the Prisoner Complaint liberally because Mr. Robbins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Robbins will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint is deficient. First, Mr. Robbins fails to provide an address for each Defendant. Mr. Robbins must provide a complete address so that each Defendant may be served properly.

The Prisoner Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Robbins fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, he fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Robbins indicates in the Prisoner Complaint that he is asserting claims for damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has jurisdiction to consider *Bivens* claims. However, Mr. Robbins is not asserting any claims for damages against federal officials. Therefore, his claims are not proper *Bivens* claims. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) ("Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority.") Construing the Prisoner Complaint liberally, Mr. Robbins may be asserting claims against those Defendants who are state actors pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of *state* law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (emphasis added); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). If Mr. Robbins is asserting claims against state actors pursuant to § 1983, he should indicate that in the amended complaint he will be ordered to file. To the extent Mr. Robbins is suing individuals who are not state actors, though, he must provide a short and plain statement of the statutory authority that provides the Court with jurisdiction over those claims.

Mr. Robbins also fails to provide a short and plain statement of his claims showing he is entitled to relief. In particular, Mr. Robbins fails to provide factual

allegations in support of his claims that specify which of his federal rights have been violated, how his rights were violated, who violated his rights, and when his rights were violated.

Mere vague and conclusory allegations that rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Robbins will be ordered to file an amended complaint that provides fair notice of the specific federal claims he is asserting if he wishes to pursue those claims in this action. Mr. Robbins must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. See *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); see also *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)

(allegations of "personal participation in the specific constitutional violation complained of [are] essential").

Finally, Mr. Robbins may not sue the State of Colorado for damages because the State of Colorado is protected by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Mr. Robbins also may not name as a Defendant the Manitou Springs Police Department because the police department is not a separate entity from the City of Manitou Springs, and, therefore, is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). To the extent Mr. Robbins intends to assert a claim or claim against the City of Manitou Springs, he is not entitled to relief unless he can demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Accordingly, it is

ORDERED that Mr. Robbins file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Robbins shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Robbins fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED October 22, 2014, at Denver, Colorado.

                                               BY THE COURT:

                                               s/ Boyd N. Boland
                                               United States Magistrate Judge