IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02739-BNB

DEMIAN ROBBINS,

    Plaintiff,

v.

CITY OF MANITOU SPRINGS,
MANITOU SPRINGS POLICE DPT.,
OFFICER NOLAN,
SARGEANT BLAKE,
STATE OF COLORADO,
TERRY TALMADGE,
JASON BLOUNT, and
SARI HANNER,

    Defendants.

SECOND ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Demian Robbins, is an inmate at the Boulder County Jail in Boulder, Colorado. Mr. Robbins initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On October 22, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Robbins to file an amended complaint that includes a complete address for each named Defendant and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On November 24, 2014, Mr. Robbins filed a document (ECF No. 11) that lists an address for each named Defendant. However, Mr. Robbins has not filed an amended complaint that complies with the pleading requirements of Rule 8. He will be given one more opportunity to file an amended complaint as previously directed.

The court will not restate all of the particulars of Magistrate Judge Boland's

October 22 order.  However, the court reiterates that Mr. Robbins must identify the statutory authority that allows the court to consider the claims he is asserting and he must provide a short and plain statement of those claims showing he is entitled to relief. In order to provide fair notice of his claims, Mr. Robbins must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").

Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Robbins may not sue the State of Colorado for damages because the State of Colorado is protected by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  Mr. Robbins also may not name as a Defendant the Manitou Springs Police Department because the police department is not a separate entity from the City of Manitou Springs, and, therefore, is not a person subject to suit under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  To the extent Mr. Robbins intends to assert a claim or claim against the City of Manitou Springs, he is not entitled to relief unless he can demonstrate he suffered an injury caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  Accordingly, it is

ORDERED that Mr. Robbins file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the Order Directing Plaintiff to File Amended Complaint (ECF No. 8) entered in this action on October 22, 2014.  It is

FURTHER ORDERED that Mr. Robbins shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Robbins fails within the time allowed to file an amended complaint as directed, the action will be dismissed without further notice.

DATED November 26, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge